UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIAM BRIGHT                                                                                      PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 3:21-cv-530-HTW-LGI

JACKSON MUNICIPAL AIRPORT AUTHORITY                                          DEFENDANT

**ORDER**

Before this court is the motion [doc. no.5] of the defendant Jackson Municipal Airport Authority requesting that this court dismiss plaintiff's complaint for insufficient service of process pursuant to rule 12(b)(5).[1]  The defendant alleges that it was served with process approximately one month past the 90-day period allowed for service of process under Rule 4(m) of the Federal Rules of Civil Procedure.

The plaintiff, William Bright, filed his lawsuit on August 17, 2021, but did not serve the defendant until December 14, 2021, approximately 122 days later.  Plaintiff's counsel erroneously states in the responsive brief that a plaintiff has 120 days to serve the complaint upon the defendant, and that service in this case was only two days past the 120 days; however,

---

[1] **Rule 12(b) How to Present Defenses**. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
 (1) lack of subject-matter jurisdiction;
 (2) lack of personal jurisdiction;
 (3) improper venue;
 (4) insufficient process;
 ***(5) insufficient service of process;***
 (6) failure to state a claim upon which relief may be granted: and
 (7) failure to join a party under Rule 19 . . .
Fed. R. Civ. P. 12(b) (emphasis added).

1

Rule 4(m)[2] of the Federal Rules of Civil Procedure requires that service of the summons and complaint upon the defendant must be made within *90 days* of filing the complaint.  Rule 4(m) also permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within those 90 days.  The defendant here is asking this court to do just that.

In the instant case, plaintiff's counsel acknowledges that the defendant Jackson Municipal Airport Authority was not timely served.  Plaintiff initially served the City of Jackson, Mississippi on November 4, 2021. The City of Jackson filed a motion for a stay in this court in which it detailed that the proper defendant in this cause was the Jackson Municipal Airport Authority, which is a separate governmental entity, and not a division of the City Government.  Plaintiff's counsel did not file a response to the City's motion, which would have been due on November 18, 2021.  Instead, without ever responding, plaintiff served the Jackson Municipal Authority with process on December 14, 2021.  This defendant was not served with process within 90 days, or even within 120 days of the complaint being filed.

Rule 4(m) also provides that the court must extend the time for service if the plaintiff shows good cause for failure to timely serve the defendant. Fed. R. Civ. P. 4(m).  Plaintiff's counsel, in response to defendant's motion to dismiss, offers as her excuse for late service that she and her staff suffered serious medical conditions, and that she had recently undergone surgery.  Plaintiff's counsel also states that she resides in the State of Pennsylvania and was unable to travel due to both her medical condition and the threat posed by Covid –19.  Counsel,

---

[2] **Rule 4(m) Time Limit for Service.**  If a defendant is not served within **90 days** after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).
Fed. R. Civ. P. 4 (emphasis added).

however, did not provide this court with any specifics or documentation of the problems she says she encountered; nor does she explain why the other plaintiff's attorney of record in this case, Catouche J.L. Body, a local area attorney, was unable to handle these matters.

Nevertheless, dismissal of an action is an extreme measure and, in this case, would more harshly punish the plaintiff than his lawyer, as the plaintiff's claim might be time-barred if he attempted to refile his lawsuit. This court also does not discern how the defendant, Jackson Municipal Airport Authority, has been prejudiced by the late service.

This court is persuaded to give plaintiff's counsel the benefit of the doubt here. Rule 4(m) gives this court discretion, in these circumstances, to dismiss the action without prejudice against the defendant that was served late *or* order that service be made within a specified time. This court is persuaded that the latter approach may be the more appropriate one under these circumstances.

This court, though, has no proof to support the "good cause" claimed by Plaintiff's counsel, namely: the mentioned recent "significant surgery"; counsel's experience with Covid-19; the claimed impediments to travel; and why local counsel could not file the appropriate papers timely. This court also has no explanation of why counsel states in her brief that she lives in the State of Pennsylvania, but her law office address is listed on the docket of this case as P.O. Box 221 Ridgeland, MS 39158.

The defendant's motion [doc. no. 5] will be held in abeyance until the above answers are provided. Plaintiff is directed to respond by July 11, 2022, and Defendants may offer a response by July 18, 2022.

SO ORDERED AND ADJUDGED, this 28th day of June, 2022.

                                            s/ HENRY T. WINGATE
                                            UNITED STATES DISTRICT COURT JUDGE